IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:19-CR-91 |
| | ) | |
| STEVIE HAMRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The defendant-inmate, Stevie Hamrick, has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c) asking the Court to reduce his sentence. He contends that he is at a heightened risk of serious illness due to COVID-19 because of his health and age. The motion will be denied without prejudice because he has not satisfied the exhaustion requirement of § 3582(c)(1)(A).

On August 26, 2019, Mr. Hamrick pled guilty to felon in possession of a firearm and to maintaining a residence for the purpose of manufacturing, distributing, and using controlled substances. Minute Entry 08/26/2019; Doc. 24. Mr. Hamrick was sentenced to 84 months imprisonment followed by two years of supervised release. Minute Entry 09/16/2019; Doc. 39. He filed the instant motion for compassionate release on April 27, 2020. Doc. 41.

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *United States v. Goodwyn*, 596 F.3d 233, 235–36 (4th Cir. 2010). A court

may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly called the "compassionate release" provision, is one such statutory provision. In order for a sentence reduction under § 3582(c)(1)(A) to be appropriate, the statute requires by its terms that the movant has exhausted her administrative remedies, that extraordinary and compelling reasons exist for a sentence reduction, and that the reduction is consistent with applicable Policy Statements issued by the Sentencing Commission. *See United States v. Redd*, No. 1:97-cr-00006-AJT, 2020 WL 1248493, at *4 (E.D. Va. Mar. 16, 2020).[1] In addition, the Court must consider the relevant § 3553(a) factors. *Id.*

Section 3582(c)(1)(A) allows a sentencing court to modify a term of imprisonment upon a motion from a defendant after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As best the Court can tell, Mr. Hamrick bears the burden to show that he has satisfied the exhaustion requirement in § 3582(c)(1)(A). *See United States v. Graves*, No. 7:16-cr-00056, 2020 WL 2847631, at *2 (W.D. Va. June 2, 2020).

---

[1] The Sentencing Commission has not yet adopted any policy statement applicable to motions filed directly by defendants. The Court has considered the policy statement applicable to BoP motions as helpful but non-binding guidance. *See United States v. Beck*, 425 F. Supp. 3d 573, 578–80 (M.D.N.C. 2019).

Mr. Hamrick submitted his request for a reduction in sentence to the warden on April 16, 2020, citing his age, medical conditions, and "extraordinary and compelling circumstances." Doc. 41 at 11. On April 17, 2020, the warden denied his request. *Id.* at 13. Mr. Hamrick did not administratively appeal this denial and waited just 11 days before he filed his motion to this Court.

The statutory exhaustion requirement in § 3582(c)(1)(A) is the subject of much debate. *See generally, United States v. Davis*, No. 1:17-CR-69, 2020 WL 3976970 (M.D.N.C. July 14, 2020). While the Fourth Circuit has not yet weighed in, the Sixth Circuit has held that a defendant must first file a request with the warden and then must wait to file a motion directly in the district court until either 30 days pass or until administrative appeals are exhausted, whichever comes first. When a defendant fails to do this and the Government does not waive the exhaustion requirement, the motion should be denied without prejudice. *See United States v. Alam*, 960 F.3d 831,836 (6th Cir. 2020); *Davis*, 2020 WL 3976970.

Here, Mr. Hamrick asks the Court to waive the exhaustion requirement because an appeal would be futile as it "would be (again) subject to review of the Warden", Doc. 41 at 3, he will suffer irreparable harm absent immediate judicial consideration, and BoP is not empowered to grant effective relief. Doc. 46 at 14.

The mere existence of the pandemic does not obviate the requirement that an inmate satisfy the exhaustion requirement of § 3582(c). Two circuit courts of appeals have so held, *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020); *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), and this Court agrees. *See Davis*, 2020 WL 3976970. If

3

the pandemic alone were enough to excuse compliance with the statutory exhaustion requirement, that requirement would be meaningless and the judicially-created exception would swallow the statutorily-created rule. *See Alam*, 960 F.3d at 835 (noting that "judge-made exceptions to judge-made exhaustion doctrines" are "birds of a different feather" from judge-made exceptions to statutory exhaustion requirements).

The compassionate release statute requires defendants to exhaust their administrative remedies before filing a motion with the court. Failure to comply with this requirement results in a waste of the Court's time and resources, and ultimately wastes the defendant's time. Because Mr. Hamrick did complete the administrative appeals process or wait 30 days before filing in this Court, his motion will be denied without prejudice to a renewed motion.

Thirty days having passed since his initial request to the warden on April 16, 2020, the defendant may refile this motion immediately. He may incorporate all previous filings into his new motion; and need not refile evidence already on the docket. Appointed counsel is authorized to file the new motion on Mr. Hamrick's behalf and to continue representation.

The government contends that Mr. Hamrick is required to file a new request for release with the warden because his initial request did not specifically reference COVID-19. Doc. 49 at 5–6.[2] On the facts here, the Court rejects this argument.

---

[2] Out of an abundance of caution, Mr. Hamrick already did so, though the record is not clear whether he submitted this second request on May 14, 2020, Doc. 54, or on July 7, 2020. Doc. 55.

4

As the government correctly notes, there is no consensus among district courts on exactly how the basis provided in the request to the warden must align with the basis provided in the motion filed with the Court.³ In another context, the Fourth Circuit has been clear on the one hand that "an exhaustion requirement would be meaningless if the [litigant] were free to litigate claims bearing little or no connection to the preceding administrative complaint," *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 669 (4th Cir. 2015), and clear on the other hand that "[t]he exhaustion requirement should not become a tripwire for hapless" litigants, and that courts should "not erect insurmountable barriers to litigation out of overly technical concerns." *Sydnor v. Fairfax Cty.*, 681 F.3d 591, 594 (4th Cir.2012). These cases provide helpful guidance here.

Defendants like Mr. Hamrick are almost always making these compassionate release requests to the warden on a *pro se* basis. The BoP form used by Mr. Hamrick did not give space to explain the reasons compassionate release may be appropriate. *See* Doc. 41 at 11. While each case will have to be evaluated on its own facts, it seems likely courts will usually read such requests to the warden liberally, but not so broadly as to make the exhaustion requirement meaningless.

---

³ *See United States v. Garcia-Duran*, No. CR 410-100, 2020 WL 3477171, at *2 (S.D. Ga. June 25, 2020) (determining an inmate had not exhausted his administrative remedies in part "because the basis for his request to the Warden, i.e. age, [was] not part of his motion to the Court"); *United States v. Hernandez*, No. 13CR4467-JAH, 2020 WL 3051105, at *4 (S.D. Cal. June 5, 2020) (finding that to satisfy the exhaustion requirement, "the administrative request must raise the same basis for relief as the federal court filing."); *United States v. Mogavero*, No. 2:15-CR-00074-JAD-NJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden [as to the court].").

5

Here, Mr. Hamrick's initial request to the warden was quite similar to the request he ultimately made to the Court. He submitted his request to the warden in mid-April, after the COVID-19 pandemic had begun. Doc. 41 at 11. He used what appears to be a BoP form, which instructed him to "circle one" of only three choices, none of which was COVID-19; Mr. Hamrick chose "elderly with medical conditions." *Id.* The form provided no real space for discussion or explanation, though Mr. Hamrick did manage to squeeze in the words "extraordinary and compelling circumstances." *Id.* The warden obviously knew in mid-April that there was a worldwide pandemic, and any sensible person would realize that the COVID-19 pandemic was implicated by this request, whether it was specifically mentioned or not. To require more of a *pro se* inmate, especially in the midst of a pandemic, would be to impose an "insurmountable barrier" which provides a "tripwire" for hapless litigants. *See Sydnor*, 681 F.3d at 594. While there may be a case where a defendant's motion and initial request differ so much in substance that it is appropriate to require a defendant to file a new request, this is not that case.

It is **ORDERED** that the motion for compassionate release, Doc. 41, is denied without prejudice to a renewed motion after exhaustion.

This the 16th day of July, 2020.

UNITED STATES DISTRICT JUDGE